THE STATE v. STILES AND SHUFELT.

Criminal Law: SCHOOL DIRECTORS: INDICTMENT. An indictment against the directors of a school district for misconduct in the issuance of school orders, in violation of Sec. 21 of the School Laws of Iowa, 1872, should state that the claims for which the orders were alleged to be drawn had not been audited and allowed.

*Appeal from Osceola Circuit Court.*

FRIDAY, DECEMBER 18.

THE defendants were indicted for corrupt and willful misconduct in their official capacity as school directors. A demurrer to the indictment was sustained. The State appeals.

*M. E. Cutts, Attorney General,* and *C. H. Lewis, District Attorney,* for the State.

No appearance for appellees.

COLE, J.—On the 12th day of April, 1873, the grand jury returned into court, and which was then properly filed and indorsed, the following indictment:

" The grand jury of the county of Osceola, in the name and by the authority of the State of Iowa, accuse Frank Stiles and Edwin Shufelt of the crime of willful and corrupt misconduct in their official capacity as directors of the district township of Holman, in Osceola county, Iowa, committed as follows:

The said Frank Stiles and Edwin Shufelt, on the 4th day of February, in the year of our Lord one thousand eight hundred and seventy-three, in the county aforesaid, were each duly elected, qualified and acting members of the board of directors of the district township of Holman, in the county of Osceola, and State of Iowa; and the said defendant, Frank Stiles, was then and there the duly elected president of the board of directors of said district township of Holman; and that while the defendants were each acting in their official capacity as directors, aforesaid, and the said board of directors, in lawful session, the said defendants did, each, unlawfully, willfully, and corruptly, and with the intent to misappropriate and squander the public moneys of the said district township of Holman, vote for, and order the issuance of, $12,000.00 in the school orders of the said district township of Holman, and to be paid out of the public moneys of the said district township of Holman, to one H. L. Scott, for the erection of four certain school houses in the district township of Holman. That at the date of the resolution of said defendants, for the issuance of said school orders, none of the scoool houses for which said $12,000.00 in school orders had been issued, had been erected, and that none of said school houses have been erected to this date; and that no materials have been furnished for said school houses, and that said district township has never received any compensation or consid-

eration whatever for said school orders of $12,000.00. And on the 4th day of March, 1873, at the county of Osceola, Iowa, and in the district township of Holman, the said Frank Stiles, as president aforesaid, charged with the signing of all valid school orders for said district township of Holman, did unlawfully, willfully and corruptly sign of the school orders of said district township of Holman, orders No. 132, for $50; No. 133, for $50; No. 134, for $2,000; No. 135, for $2,000; No. 136, for $2,000; No. 137, for $2,000; No. 138, for $400; No. 139, for $500; No. 140, for $500; No. 141, for $500; No. 143, for $500; 144, for $500; and No. 145, for $500, all issued to said H. L. Scott, and all of date March 4th, 1873, and in all of the value of $12,000; and did, then and there, deliver the said orders to C. W. Blackmer for said H. L. Scott, all of which facts the said defendants each as directors aforesaid, and the said Stiles, as president aforesaid, well knew at the time of the commission of the acts aforesaid, and by said acts, willfully and corruptly intending to misappropriate and squander the public monies of said district township of Holman, aforesaid."

At the next regular term of court, and on March 11, 1874, the defendants filed their demurrer to the indictment, in substance, that it did not state facts sufficient to constitute an offense, specifying eight particulars. This demurrer was sustained, and the defendants were discharged. The correctness of this ruling is the only question for our determination.

Our statute in force when this indictment was found enacted as follows: Revision 1860, " Sec. 4302. When the performance of any act is prohibited by any statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor." The next section prescribes the punishment for a misdemeanor to be imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars, or by both. By Sec. 21 of The School Laws of Iowa, 1872, it is enacted that the board of directors " shall audit and allow all just claims against the district, and fix the compensation of the secretary and treasurer; and no order shall be drawn on the district treasury until the claim for

which it is drawn has been audited and allowed." These are the statutes upon which the indictment is based.

The indictment fails to charge an offense under these sections, for that it does not allege that the claim for which the orders were drawn had not been audited and allowed. For aught that appears, the contract for building the school houses provided for the issuance of the orders in advance of the construction of them, and upon security given for their construction, and a discount for such advance issuance. If so, the claim, based upon such contract may have been audited and allowed, and the orders issued thereon. In such case the defendants have not performed an act prohibited by any statute.

AFFIRMED.